**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2493
_____

ANTHONY HEATH,

Appellant

v.

CYNTHIA LINK, FACILITY MANAGER;
LOZAR, LIEUTENANT;
JOHN DOE, PROPERTY OFFICER, SUED
INDIVIDUALLY, AND IN THEIR OFFICIAL CAPACITIES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 17-cv-04221)
District Judge:  Honorable Gene E.K. Pratter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 29, 2019

Before: CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 4, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Anthony Heath appeals the District Court's order dismissing his civil rights complaint. For the reasons below, we will affirm the District Court's order.

The procedural history of this case and the details of Heath's claims are well known to the parties, set forth in the District Court's order, and need not be discussed at length. Briefly, Heath alleged in his complaint that in July 2015 he was deprived of spiritual and legal property by an unknown correctional officer in the intake section of Graterford prison. He did not describe the property. Heath had previously filed a grievance regarding the seizure of his legal materials. In his grievance, he requested the return of the materials, $800 for two books, and $10 million in punitive and compensatory damages. Appellee Lozar denied the grievance, concluding that Heath had signed a form stating that his legal property had been returned to him.[1] As for Appellee Link, Heath alleged that she did not properly handle a subsequent grievance appeal.

Appellees filed a motion to dismiss or in the alternative for summary judgment. They argued that Heath had not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). The District Court agreed and granted the motion to dismiss. Heath filed a notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

---

[1] According to a "Confiscated Items Receipt" Heath submitted, a staff member suspected that over 200 pages of Heath's property were from the Uniform Commercial Code. See Monroe v. Beard, 536 F.3d 198, 209 (3d Cir. 2008) (prison's confiscation of Uniform Commercial Code not unconstitutional). These pages were sent to "Legal" for review.

2

Exhaustion

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In Pennsylvania, inmates must first file a grievance form within 15 working days of the incident. The Grievance Officer assigned to the grievance must provide a written response within 10 working days. An inmate may appeal a denial of a grievance to the Facility Manager within 10 workings days of receiving the response. A denial by the Facility Manager may be appealed within 15 working days to the Department of Corrections Secretary's Office of Grievances and Appeals. See Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 151 (3d Cir. 2016).

Heath claimed that he appealed the denial of his initial grievance and received no response. He then submitted several request forms to check on the status of his appeal. He contended that after he was transferred to another prison, he continued to send request forms to the Grievance Officer and Superintendent at Graterford but received no responses. Almost two years later, Heath filed an appeal to the final level of review. The Secretary's Office responded and advised him to file an appeal with the Facility Manager. When Heath did so, Appellee Link denied the appeal as untimely.

3

While Heath alleges that he submitted a timely appeal of the denial of his initial grievance, the Appellees assert that a timely appeal was never received.[2] Citing Small v. Camden County, 728 F.3d 265 (3d Cir. 2013), the District Court noted that it was the factfinder for determining whether Heath exhausted his administrative remedies. It pointed to Heath's appeal to the Secretary's Office in which he stated that he "was never made aware of any policy that authorized grievant a right to question response." The District Court believed that Heath was claiming he did not know he could appeal the grievance response and concluded that this statement contradicted Heath's assertion that he had filed a timely appeal of the denial of his grievance. The District Court concluded that Heath's version of events was implausible and granted the motion to dismiss.

---

[2] In their brief, Appellees suggest that the correctional officer to whom Heath allegedly handed his grievance appeal may have failed to deliver it. Appellee Br. at 9 n.8 ("One may infer that the unnamed correctional officer to whom Heath supposedly entrusted the letter (for delivery to "SPFM") failed to mail or deliver it as requested."). Appellees do not address whether a grievance appeal given to a prison employee for delivery would be considered properly submitted and how this would impact the analysis of the exhaustion issue. We recently held that "a prisoner exhausts his administrative remedies as soon as the prison fails to respond to a properly submitted grievance in a timely fashion." Shifflet v. Korszniak, C.A. No. 17-2676, --- F.3d ---, 2019 WL 3772104 at *1 (3d Cir. August 12, 2019).

We need not address whether the District Court's correctly resolved the factual issue of whether Heath filed an appeal of the denial of his initial grievance.[3] As explained below, Heath failed to exhaust his claims regarding his religious materials in his initial grievance, and, regardless of exhaustion, his allegations regarding his legal materials fail to state a claim of the denial of access to courts.

Legal materials

In order to state a claim for relief, a plaintiff must make sufficient factual allegations to allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). It is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a claim of the denial of access to the courts, a prisoner such as Heath must allege that his efforts to pursue a legal claim were hindered and he suffered an actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996).

---

[3] The statement at issue came after Heath described handing his appeal to a correctional officer. He then appears to argue that he did not know that prison officials had a deadline to respond to his appeal and believed that he did not have permission to question the status of his appeal. After saying that he "was never made aware of any policy that authorized grievant a right to question response," he states that he was never made aware of the deadline for officials to respond to his appeal. It appears that Heath was indicating that he was not aware that he had a right to question the fact that he had not received a response to his appeal of his grievance. This does not contradict his assertion that he had filed an appeal of the denial of his grievance.

5

Heath vaguely alleged in his complaint that he "suffered severe loss of his legal materials because it provided due proof of future claims that were to be freely exercised in state and federal courts." Compl. at ¶ 25. He did not describe the legal materials or the claims the materials would purportedly support.[4] Heath did not allege an actual injury, i.e., that he was hindered in his efforts to litigate a nonfrivolous or arguable claim. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). Thus, his complaint failed to state a claim for the denial of access to court.

A plaintiff should generally be given leave to amend a complaint subject to dismissal for failure to state a claim unless doing so would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). On appeal, Heath was asked to address whether his allegations regarding the seizure of his legal materials stated a claim and whether allowing him to amend his complaint would be futile. Heath argued in his supplemental brief that he filed his civil rights complaint under duress to prevent interference with his illegal sentence claim in state PCRA court. However, in this bare allegation, he does not explain what materials he was missing or how this impacted his claim in state court. Heath also vaguely references two "mitigating and critical witness

---

[4] In his grievance, Heath alleged that the seizure of his legal materials impaired his direct appeal of his criminal conviction. However, according to his brief on appeal, available electronically, Heath was represented by counsel on his appeal. See Brief of Appellant, Commonwealth v. Heath, 2016 WL 7647819 (Pa. Super). He challenged the trial court's denial of his motion to suppress his confession and the admission of a key fob. Heath did not explain how any documents taken from him were necessary for the appeal.

[verified] affidavit(s) and its associated vital information(s)." He alleges that the state PCRA Court dismissed his PCRA petition in part because he failed to meet his burden of proof. Again, Heath fails to supply any details regarding the witnesses, the content of the affidavits, the arguments raised in the PCRA petition, or the other grounds for dismissal of his PCRA petition.

Heath has failed to give any details regarding any legal challenges to his criminal conviction or conditions of confinement that were hindered by the loss of his legal materials to state a claim. See Monroe, 536 F.3d at 205 (prisoners may only proceed on access-to-court claims for challenges to their sentences or conditions of confinement). He has failed to state a claim for the denial of access to the courts.

Religious materials

In his complaint, Heath alleged that the religious material taken from him contained special prayers and unique responsibilities which he needed to master to fulfill his spiritual transformation via daily prayer. In an affidavit attached to his complaint, Heath vaguely described these materials as "a guide to assist me mentally and [spiritually], I hoped to master its teachings from the unique heritage of my Native American ancestors [who] carried the sacred teaching's that survived the test of time up until its fatal distruction [sic] at SCI-Graterford."

Heath did not mention any religious materials in his grievance. In response to the motion to dismiss, Heath tried to recast these religious materials as legal materials so that

they would be covered by his initial grievance complaining of confiscated legal material. He described the materials as legal documents that provided Heath a family inheritance and cashiers checks worth $550,000. In his reply brief, Heath argues that he received legal material from his attorney advising him to follow the religious materials enclosed on pain of forfeiting his inheritance. Such purportedly valuable and important documents should have been mentioned in both the initial grievance and the complaint. Because Heath was able to file an initial grievance and did not raise the issue of the religious materials in that grievance, he did not exhaust his available, administrative remedies with respect to this claim. The District Court did not err in dismissing this claim for lack of exhaustion. See e.g., Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004) (noting that text of grievance policy mandates inclusion of facts relevant to the claim.) Moreover, to the extent that the religious materials were legal and financial materials regarding an inheritance, he has failed to state a claim for denial of access to court as discussed above. He has not adequately plead an actual injury from the loss of an arguable claim. See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

For the reasons above, we will affirm the District Court's order. See Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (court of appeals may affirm on any basis supported by the record).